IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD YARBROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:09-CV-1136-WKW [WO] |
| | ) | |
| WAL-MART STORES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This cause is before the court on Plaintiff Donald Yarbrough's ("Yarbrough") Motion to Remand. (Doc. # 9). Yarbrough filed his complaint in the Circuit Court of Chambers County, Alabama on June 10, 2009, asserting six claims arising out of a slip-and-fall incident that occurred on March 11, 2009, at a Wal-Mart in Valley, Alabama. (Compl. (Doc. # 1, Ex. 1).) Defendant Wal-Mart Stores, Inc. ("Wal-Mart") removed this action to federal court on December 16, 2009, on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Doc. # 1.) Yarbrough contends that Wal-Mart failed to timely remove this action under 28 U.S.C. § 1446, and seeks remand to the Circuit Court of Chambers County, Alabama. (Doc. # 9.) Wal-Mart opposes the motion to remand. (Doc. # 11.)

Upon careful consideration of counsel's arguments, the relevant law, and the record as a whole, the court finds that the motion to remand is due to be granted.

# I. STANDARD

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

Where the complaint alleges unspecified damages, as in this case, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1209-10 (11th Cir. 2007). A removing defendant must file a notice of removal within thirty days after receiving the initial pleading or "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

# II. DISCUSSION

Here, the parties dispute two things: (1) whether the amount in controversy is ascertainable from the subrogation documents sent to Defendants from Yarbrough's insurer, Blue Cross Blue Shied of Alabama ("BCBS of Alabama"), and (2) whether Yarbrough's deposition testimony can serve as the basis for jurisdiction in this case. Resolution of the

2

first question establishes that Wal-Mart failed to timely remove this action. This being dispositive, the court does not address the second issue.

On October 23, 2009, Yarbrough faxed a letter from BCBS of Alabama to the attorney for Defendants Wal-Mart, Richard Jason Broxton, and Tammy Hetrick (collectively "Defendants").[1] (Doc. # 9, Ex. 2.) The facsimile included a cover letter, which stated, in relevant part, as follows:

> RE: Donald Yarbrough v. Wal-Mart
>
> Dear Ms. Wakefield,[2]
>
> Enclosed please find the subrogation documents from Blue Cross Blue Shield of Alabama in reference to the above matter.
>
> . . . .
>
> Sincerely yours,
> Lawrence T. King[3]

(Doc. # 9, Ex. 2, at 1.) Attached to the above cover letter was a letter from BCBS of Alabama, stating, in relevant part, as follows:

> Member: Donald Yarbrough
> Date of Accident: March 11, 2009
> BCBS Case Number: 200914910163
>
> Dear Mr. King,
>
> . . . .

---

[1] Wal-Mart does not contest receiving this facsimile on this date.

[2] Ms. Wakefield is the attorney for Defendants.

[3] Lawrence T. King is the attorney for Yarbrough.

3

> Attached is an itemization of our payments for the above member and accident. To the best of our knowledge, we currently have a subrogation claim in the amount of those payments, totaling $77,491.94. This figure is subject to increase in the event we furnish additional benefits. . . .
>
> . . . .
>
> Sincerely,
> Jackie D. Ware
> . . .
> Subrogation Department

(Doc. # 9, Ex. 2, at 2.)

Wal-Mart contends that it could not "clearly ascertain with certainty" from the documents quoted above that Yarbrough's claim met the jurisdictional threshold. Specifically, Wal-Mart argues that "[t]he mere fact that the Plaintiff's counsel sent the Defendant a letter from BlueCross BlueShield stating a 'number,' unsupported by a summary of service, an itemization of charges, or medical testimony of its reasonableness and necessity is not sufficient to put the Defendant on notice." (Doc. # 11, at 3.) This argument lacks merit.

The subject line and the body of the cover letter make specific reference to this lawsuit. (Doc. # 9, Ex. 2, at 1.) Likewise, the letter from BCBS of Alabama lists Plaintiff Donald Yarbrough's name and the date of the accident (March 11, 2009) in its subject line and states that the itemization of payments was "for the above member and accident." BCBS of Alabama goes on to state that, to the best of its knowledge, the subrogation claim totals "77,491.94 " and that "[t]his figure is subject to *increase*." (Doc. # 9, Ex.2, at 2 (emphasis

4

added).) Defendants urge the court to apply the Fifth Circuit definition of "ascertain" and hold that upon receiving the "other paper" at issue, a defendant must be able to "'find out or learn with certainty' that the amount in controversy meets the jurisdictional threshold." (Doc. # 11, at 4 (quoting *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).) Even under this standard, however, the documents quoted above clearly constitute "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Not only does the letter from BCBS of Alabama include an exact dollar figure exceeding $75,000, but it, as well as the cover letter, mentions the plaintiff by name and specifically refers to the date of the accident.

Wal-Mart contends that the above-quoted facsimile does not contain a sufficiently-ascertainable amount of damages because it does not summarize the medical services, itemize the charges, or contain testimony as to the "reasonableness and necessity" of the charges. (Doc. # 11, at 3.) However, Wal-Mart provides no case law to support this narrow interpretation of the phrase "other paper from which it may first be ascertained that the case is one which is or has become removable" under 28 U.S.C. § 1446(b). In fact, Wal-Mart contradicts itself by later arguing that Yarbrough's deposition testimony – in which he simply stated that the damages in this case exceed $100,000 – created the basis for removal. Yarbrough's testimony did not contain a "summary" or "itemization" of the damages, nor did it contain any evidence that such an estimate was "reasonable." To argue that the amount in controversy is clearly ascertainable from this deposition testimony (which provides no basis

5

for the number at all), yet not from a insurance company's letter (which provides an exact dollar figure in reference to a specific accident on a specific date), is unpersuasive, to say the least.

For the foregoing reasons, the court finds that the facsimile from Yarbrough to Defendants on October 23, 2009 satisfies the requirements of 28 U.S.C. § 1446(b)'s "other paper." Because Wal-Mart did not remove this action within thirty days of receiving this "other paper," this action is due to be remanded.

### III. CONCLUSION

Accordingly, it is ORDERED that:

(1)  Yarbrough's motion to remand (Doc. # 9) is GRANTED;

(2)  this case is REMANDED to the Circuit Court of Chambers County, Alabama; and

(3)  the Clerk of the Court is DIRECTED to take all steps necessary to effect the remand.

DONE this 26th day of February, 2010.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE